Tom Price. The issue of ability to pay, which is to some extent central to this appeal, is referred to in the briefs in the context of a Chapter 13 plan. The facts in the case show that the debtor had no ability to pay his debts as they come due, but that he did have the ability to pay his debts under a Chapter 13 plan. From that fact, the court below concluded that the filing of the Chapter 7 in this case was substantial abuse. Well, under Kelly, what's wrong with that? Pardon? Under the Kelly case, what's wrong with that conclusion? Well, I think that there are factual differences. If the holding in Kelly is considered, the holding in Kelly, I think, is fact-intensive. Judge Kaczynski in that case went out of his way to develop a factual record and even judicially noticed the facts that were in the Arizona Supreme Court's case in order to basically show, I think, that the Kelly filing was a bad-faith filing in the normal sense of a bad-faith filing. I agree with you to that extent, but the holding itself is pretty broad. I mean, he deals with the mortgage issue that you have in this case. He deals with the question of ability to pay in a Chapter 13 context. And it's hard to distinguish Kelly from this case except to say, well, Kelly, it was worse because there was some other evidence of bad faith. But how does that help you in this one, if we're just talking about the legal principles applied to what the bankruptcy court did in this case? Well, in Kelly, if I may, Judge Kaczynski goes, in my opinion, and we have argued that the Court should consider perhaps reconsidering the Kelly. But I don't think it has to go that far. He went further than the First of all... He's writing for the Court, is he not? Yes. The panel. The panel. Yes, Your Honor. Right. And we can't touch that unless we sit on Vox. So Kelly is biased. Right. And what the panel did in Kelly was to take the language that exists, which nowhere mentions ability to pay to substantial abuse, and which makes sense as a bad faith type thing, as in Padilla, where there was a bust-out and all that sort of thing. And he went to the legislative record, or the panel went to the legislative... And I apologize for that. The panel went to the legislative record. And in the legislative record, they found that the only thing that made any sense, even though there were House conference reports and Senate conference reports, the only thing that made any sense that was at all binding on... as to what the intent was, was Senate Report 9865. And Senate Report 9865, which Judge Kaczynski quotes from, does not say that ability to pay a Chapter 13 plan is substantial abuse. Right. But then what Judge Kaczynski goes on to say is, Accordingly, we hold that the debtor's ability to pay his debts when due, as determined by his ability to fund a Chapter 13 plan, is the primary factor to be considered in determining whether granting relief would be substantial abuse. So regardless of the rational underpinnings for that, that's the holding of the case. And tell me why it doesn't apply to your client, if we take that as the holding. The court in that case was not focused upon the facts that we have in this case. It focused on whether a mortgage is consumer debt. And it found that in the first part of the test. But it didn't consider whether, in the second part of the test, under substantial abuse, that same... the fact that there was a mortgage, a home mortgage, could not be considered as part of the question of whether or not there was substantial abuse. He does say that that ability to pay standing alone can justify, but he doesn't say it must justify. And so what we're saying is that the court can consider in cases which are radically different factually than the Kelly case. Kelly was a scoundrel. Here we have a man, a debtor, Mr. Price. Two businesses that his wife had, dress businesses, failed. His own business failed. He suffered a divorce before filing. These are facts which I think are sufficiently different from the facts in Kelly to allow consideration of other matters in the question of whether or not the mere ability to pay is substantial abuse. And also, Judge Kuczynski did not consider whether or not in the substantial abuse it was a good idea to, in effect, deny Chapter 7 relief to mortgage holders merely because they had... Well, I've got to be careful here. In his case, whether or not, in Kelly, whether or not the mortgage was counted, the debt was still primarily consumer. In this case, it's only primarily consumer. Right, but then he goes on to say in Kelly that he does count the mortgage as consumer debt. Now, I realize that your position is, well, they had additional consumer debt anyway, but he spends considerable time in his opinion talking about the fact that you can't mortgage as consumer debt. I gather the only challenge you make to that as far as this case goes, and I may be wrong, is that you argue that there are some other statutory considerations within the Housing Act and so forth that should come into play. And in the actual wording of the substantial abuse language, which is the granting of relief is substantial abuse, there are only three things that are done in any bankruptcy. And one is to protect the creditors from the debtor, another is to protect the creditors from each other, and the third is a discharge in many systems. And so granting of relief must mean discharge. And if we're talking about discharge in the substantial abuse area, and if we reaffirm, and the facts in this case do show that we've attempted to reaffirm, and before the reaffirmation was final, the case was dismissed, but I think those factors are sufficient to take it out of the broad rule of the Kelly case, that if we look at the facts of this case, look at the debt to be discharged, clearly 707B is talking about consumer debt. Clearly the majority of the debt in this case to be discharged is trade debt, and in Kelly the majority of the debt was consumer debt. Let me ask you a factual question on the debt to be discharged. I'm not sure this calculation is in the record, although certainly the files are. I mean the debts are listed. If the petition goes forward as a Chapter 7, what percentage will the unsecured creditors get in this case? What percentage is there? They would get ‑‑ I would have to look, but I believe it would be very little, maybe just guessing, reasonable guessing, 20%. 20%? In that part. Okay. Good morning, Your Honors. Good morning. I'm Paul Bridenhagen with the Department of Justice, here on behalf of the United States Trustee, the appellee in this matter. Your Honor, this ‑‑ Your Honors, this is a case that is on all squares, the same factual pattern as Kelly. There's the one distinction of the debt to be discharged in Kelly. There was slightly more consumer debt to be discharged than there was trade debt here. There's slightly more trade debt to be discharged than consumer debt. Well, I think counsel is right that there are some significant factual differences in terms of the element of bad faith, if you will. I mean in Kelly, we had some evidence of concealing assets and so forth. Is it your position, on behalf of the United States Trustee, that any time a Chapter 11, a Chapter 13, if the calculations show that a Chapter 13 plan could be funded, that if it's not a Chapter 13 plan, that the court ought to dismiss it for substantial abuse? Your Honor ‑‑ Mathematical? Is that what your contention is? Yes. We believe Kelly was rightly decided. It basically held that if the majority of the debt is consumer debt, then the person is subject to dismissal for substantial abuse. They looked behind the words of the statute to the legislative history and found that Congress was concerned with the discharge by consumer debtors of debt that could otherwise be repaid. And if a debtor can pay his debts, if a consumer debtor can pay his debts, then that debtor should be required to pay those debts. And maintaining a Chapter 7 case would indeed be a substantial abuse. It seems to be that 707B isn't so bright a line as you describe it. I mean, if it's just a mathematical calculation, Congress could have said so, that you cannot file a Chapter 7 petition if you're calculating the debts. I mean, obviously there's some exercise of discretion that has to be ‑‑ Yes. Yes, Your Honor. Certainly this is not the only circumstance that arises that might justify dismissal for substantial abuse. I mean, there could be other factors that come along, such as bad faith, et cetera, that the person had no kind of calamity in their life, and other such factors can certainly be considered. But what Kelly held specifically was that, you know, Congress was concerned with a non‑needy debtor who is able to pay their debt and that in that one circumstance the case should be dismissed. That doesn't preclude the court in other circumstances from considering a wide variety of factors. Do you consider medical debt to be consumer debt? I believe that would fit within the parameters of, what is it, 1014A, yeah. Well, it seems to me, when you start talking about the gradations of this, I mean, it's getting so far afield from the idea of fresh start that there isn't a fresh start afforded to people whom Congress may have originally intended to have a fresh start. Let's take the case of medical debts. That's primarily consumer debts. And if they can pay, you may have some legitimate reasons to try to get rid of medical debts or other debts. But under your interpretation, there really isn't anything. If you can pay it out under a Chapter 13 plan, that's the end of it. And I guess that's your position. Well, I think that's what Congress was focused on. Wasn't Congress really more focused on the element of bad faith and that some indicia of bad faith may be triggered by this calculation? But doesn't there have to be that calculation plus? I'm sorry, what? I mean, doesn't there have to be a little more than that simple calculation? Well, we think Kelly was rightly decided in saying that if a debtor can pay their debts, then they should. I think that's a fairly simple proposition. I think it recognizes the balance in the bankruptcy code of allowing a debtor a fresh start on the one hand and making sure debtors' creditors get paid. And this case is, I think, a poster child for what Congress was thinking about because as much as opposing counsel would argue the primary debt is trade debt, there's also $80,000 worth of consumer debt here. And the debtor has admitted he can pay that debt. And I believe the wording and the holding of Kelly suggests that, not suggests, holds that if a consumer debtor, and he's admitted he's a consumer debtor, can pay his debts and he's admitted he can pay his debts within three years, then he should be held to do so. I mean, this is not unjust. This is a just holding because there is Chapter 13 available. He has a very substantial income, a six-figure income. He'll be able to keep his home. And he'll be able to pay off all his creditors within three years. And in our mind, that is a just result. And that gives him the fresh start he's entitled to under the bankruptcy code, but it also allows the creditors who have a right to expect their debts to be paid, if possible, to get paid. What has happened in other circuits since Kelly? Kelly was quite a while ago. Well, other circuits have adopted a variety of tests, but all of the circuits have recognized the primacy of the ability to pay. That is, like, the most important factor in all of those other circuit tests. I guess what I wonder about here, Kelly describes it as the primary factor, and you've said that there are other things that can push somebody over the line towards substantial abuse, such as bad faith. Is there anything that could push somebody backwards, somebody who has the ability to pay, but are there circumstances that someone could offer up where the bankruptcy court would be in a position to say, under these circumstances, I determine it would not be a substantial abuse, even though the person does have the ability to pay and even though a majority of the debt is consumer. Is there a place for someone to make that argument? We would argue no, because whenever you have a situation where they are assessing a person's ability to pay under Chapter 13, the debtor gets to live their lifestyle, which is reflected in their schedules. They get to keep a home if they happen to have a home, and they get their fresh start within three years. And given Congress's preference that non-needy debtors pay their debts, we would say no. It seems to me that really overreads Kelly. I mean, Kelly said in reviewing what a bankruptcy court did that that finding alone might support what the bankruptcy court reached. And, of course, the bankruptcy court reached its conclusion in Kelly based on that and a number of other factors. I don't read Kelly to say you must dismiss this case for substantial abuse if a debtor can repay, a Chapter 7 debtor can repay his or her debts, consumer debts, within three years. It talks about primary factor. It talks about that does not mean the only factor. So the question is, maybe your position is that there's no room, but it seems to me Kelly suggests that that's perhaps the first inquiry of the bankruptcy court, but then the bankruptcy court has to go on and look at the whole situation and make a judgment in its discretion. Well, obviously the court is free to reconsider or consider Kelly along whatever lines it chooses. I wasn't really arguing. I just basically how can you point in Kelly the language you think supports your conclusion that there's just no room for any additional discretion to be. Getting back to Judge Clifton's question, why can't a bankruptcy court say, well, I see that this test is met, but there are other factors in here that indicate good faith and not substantial abuse, so I'm not going to apply 707B. I guess I would point to page 914 of the Kelly decision and say that they're focused on the overwhelming majority of courts considering the issue, and they conclude ability to pay his debts will, standing alone, justify a section 707B dismissal. Sure. That supports it on appeal, but it seems to me your argument is it compels it on the bankruptcy court level. That's hard to reconcile, I think. Well, I think if you stay close to the language of the statute, Your Honor, and the legislative history, it really does focus on ability to pay as a primary, as the primary factor. But let me say that in this case, I mean, we're not in a close case here. Here we have a debtor who can keep his lifestyle, which is set forth in his schedule. He'll be able to keep his home. He's admitted that in three years he could pay everybody 100%, and there is substantial consumer debt here. I mean, there's almost half. Well, aside from those facts, what else is in the record that would support a finding of substantial abuse? Is there evidence that this debtor was trying to single out particular people and not others? That was important in Kelly. I mean, Kelly basically paid off the people he wanted to pay off, and he didn't pay off the other people. I mean, that's a red flag there. Is there anything like that? I don't think the court focused on that when they were coming to the conclusion that the dismissal was justified. That was important enough to put it in. Okay. Your time has expired. Thank you. Please, the court, I should not have to advise my clients that they either have to quit their job or sell their home to get a fresh start in this country. Thank you very much. Thank you, counsel. The case just argued is submitted for decision. We'll hear the next case, which is Chase v. Nevada. Good morning, Your Honors.
judges: Schroeder, Thomas, Clifton